IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAYMOND DOYLE GILBERT #2250358 | § | |
| v. | § | CIVIL ACTION NO. 6:22cv146 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Raymond Doyle Gilbert, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and paid the filing fee. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.    Relevant Background**

Petitioner challenges his January 24, 2019 conviction and life sentence in Henderson County, Texas. (Dkt. #1 at 2.) He states that he filed a direct appeal, which was decided against him by the Twelfth Court of Appeals on August 30, 2019. (*Id.* at 3.) He sought discretionary review by the Texas Court of Criminal Appeals, which was denied on March 11, 2020. (*Id.*); *see Gilbert v. State*, PDR No. 976-19 (Tex. Crim. App. 2020)..

While Petitioner's proceedings on direct appeal were still pending, he filed at least four mandamus petitions, two of which were dismissed for lack of jurisdiction by the Sixth Court of Appeals on June 24, 2019, and July 26, 2019. *See* Sixth Court of Appeals docket for case no. 06-19-00115-CR, available at https://search.txcourts.gov/Case.aspx?cn=06-19-00115-CR&coa=coa06 (last visited Jun. 9, 2023); Sixth Court

of Appeals docket for case no. 6-19-00156-CR, available at https://search.txcourts.gov/Case.aspx?cn=06-19-00156-CR&coa=coa06 (last visited Jun. 9, 2023). The other two mandamus petitions were denied by the Twelfth Court of Appeals on September 11, 2019 (with a motion for rehearing denied on November 1, 2019), and February 28, 2020. *See* Twelfth Court of Appeals docket for case no. 12-19-00276-CR, available at https://search.txcourts.gov/Case.aspx?cn=12-19-00276-CR&coa=coa12 (last visited Jun. 9, 2023); Twelfth Court of Appeals docket for case no. 12-20-00040-CR, available at https://search.txcourts.gov/Case.aspx?cn=12-20-00040-CR&coa=coa12 (last visited Jun. 9, 2023).

Petitioner filed a fifth mandamus petition after the denial of discretionary review in his direct appeal. Specifically, he filed a petition for original writ of mandamus in the Texas Court of Criminal Appeals on May 5, 2020, which was denied without written order on July 1, 2020. *See* Texas Court of Criminal Appeals docket for case no. WR-91-237-01, available at https://search.txcourts.gov/Case.aspx?cn=WR-91,237-01&coa=coscca (last visited Jun. 9, 2023).

Petitioner signed and dated his state petition for writ of habeas corpus on September 21, 2021. (Dkt. #24-45 at 23.) It was denied without written order on January 12, 2022. Texas Court of Criminal Appeals docket for case no. WR-91,237-02, available at https://search.txcourts.gov/Case.aspx?cn=WR-91,237-02&coa=coscca (last visited Jun. 9, 2023).

The present federal petition was filed upon placement in the prison mail system on April 10, 2022. (Dkt. #1 at 20.) In it, Petitioner appears to acknowledge that his filing was untimely. In both the petition and a motion for extension that accompanied it, Petitioner asserts that prison lockdowns and limited access to the law library from March 2020 to April 2021 should excuse his untimeliness. (Dkt. #1 at 19; Dkt. #3.) But neither the petition nor the motion provides any details about what efforts Petitioner made to prepare and file his federal habeas petition in a timely manner or how exactly the prison lockdowns prevented him from doing so.

On April 21, 2022, the Court observed that the petition appeared to be untimely under 28 U.S.C. § 2244(d) and ordered Petitioner to respond and show cause within thirty days why his petition would

not be barred by the statute of limitations. (Dkt. #6.) Petitioner failed to respond to that Order except by letter in which he complains of procedural issues and of not getting the benefit of efforts to "pick[] [his] own poison," meaning to pick the District Judge to consider his case. (Dkt. #13.) In that letter, Petitioner also indicates that he believes he is entitled to equitable tolling of the applicable limitations period because of pandemic restrictions caused by Covid 19, which he suggests constitute extraordinary circumstances that should render his petition timely. (*Id.*) Again, he fails to allege any specific facts about efforts to prepare and file a timely petition or how pandemic restrictions prevented him from doing so.

The undersigned concluded, without benefit of a response, that Petitioner's filing was untimely and submitted a Report and Recommendation to that effect on January 31, 2023. (Dkt. #14.) Respondent appeared shortly thereafter to advise the Court that the date on which it had relied as the filing date for Petitioner's state habeas petition, gleaned from the website of the Texas Court of Criminal Appeals, was not the correct filing date. (Dkt. #15.) Accordingly, that Report was withdrawn, and Respondent was ordered to answer the petition and file the necessary documentation to correct the timeline of Petitioner's fiings. (Dkt. #16.)

Respondent has now answered the petition, asserting its untimeliness, and has filed the relevant state court records. (Dkt. ##21, 22.) Petitioner was given thirty days to file any reply in support of his petition (Dkt. #19), and he has not done so. The matter is therefore ripe for review.

**II.     Law and Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for habeas petitions brought by prisoners challenging state criminal convictions. 28 U.S.C. § 2244(d). Under this provision, the limitations period runs from the latest of four enumerated events:

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege a newly recognized constitutional right or newly discovered factual basis for his challenge. Accordingly, his limitations period began to run on Monday, August 10, 2020, when the time within which he could have sought review by the United States Supreme Court expired on the first business day that was 150 days after the Texas Court of Criminal Appeals denied review on his direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 119–120 (2009) (holding that state convictions are final under § 2244(d)(1)(A) when Supreme Court certiorari is exhausted or when the time for filing a certiorari petition expires); Miscellaneous Order (S. Ct. Mar. 19, 2020) (extending deadline to file a petition for writ of certiorari to 150 days from date of order denying discretionary review due to public health concerns). Petitioner's deadline under AEDPA to file a timely federal habeas petition was thus August 10, 2021. Unless he merits the benefit of some tolling of that deadline, his petition filed April 10, 2022, is too late.

An inmate's window to file a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review with respect or the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). All five of Petitioner's mandamus petitions were submitted and denied before his conviction even became final, so they could have no impact on his AEDPA limitations period even if they constituted properly filed applications for collateral review.[1] Petitioner

---

[1]     Mandamus petitions do not toll the AEDPA limitations period when they do not seek collateral review of the criminal judgment being challenged. *See Charleston v. Quarterman*, 243 F. App'x 859, 860 (5th Cir.

is deemed to have filed his state habeas petition on September 17, 2021. (Dkt. #24-45 at 23.) A collateral review petition filed in state court after the AEDPA limitations period expired could not toll or restart that limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that "Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). Petitioner's purported state habeas application thus has no effect on the untimeliness of his federal petition. In sum, Petitioner did not file anything between August 10, 2020, and August 10, 2021, that could have tolled the running of that one-year limitations period.

Petitioner asserts that he is entitled to equitable tolling to make his petition timely. (Dkt. #1 at 14–15; Dkt. #1-1 at 9–11.) AEDPA's one-year limitations period may be subject to equitable tolling in extraordinary cases. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998). Equitable tolling is a discretionary doctrine turning on the facts and circumstances of each case, and a petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). Equity does not benefit those who sleep on their rights. *Fisher v. Johnson* 174 F.3d 710, 715 (5th Cir. 1999); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605–06 (5th Cir. 2006).

---

2007) ("Because Charleston's February 2002 mandamus petition, which sought an order compelling the trial court to rule on a pending motion for discovery, did not seek review of the judgment pursuant to which he is incarcerated, it did not constitute "other collateral review" for purposes of 28 U.S.C. § 2244(d)(2) and did not toll the limitation period.").

Petitioner does not satisfy the standard for equitable tolling in this case. As reason for the requested tolling, he relies solely on limited access to the law library due to pandemic precautions that were imposed from March 2020 until April 2021. (Dkt. #1 at 19; Dkt. #3; Dkt. #13.) But courts in this district have repeatedly found that prison lockdowns, including Covid-related lockdowns, are not exceptional circumstances that would justify equitable tolling. *See Collins v. United States*, No. A-18-CR-091(5)-RP, 2022 WL 3593056, at \*6 (W.D. Tex. Aug. 22, 2022) (" The undersigned finds that the Covid-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling."); *United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at \*2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Coppin v. United States*, 3:10-CR-345-K(1), 2018 WL 1122175, at \*4 (N.D. Tex. Mar. 1, 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance that prevented movant from filing Section 2255 motion); *see also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (finding that ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling). "An institutional lockdown alone is generally not a rare and exceptional circumstance which warrants equitable tolling." *Collins*, 2022 WL 3593056, at \*6 (citing *Lewis v. Casey*, 518 U.S. 343, 362 (1996)).

Moreover, Petitioner does not assert that he ever requested any legal materials or assistance and was denied or otherwise establish that the pandemic precautions in question actually prevented him from filing a timely habeas petition. He thus fails to establish either diligent pursuit of his rights or anything actually standing in his way. And he already benefits from having his limitations period begin to run 60 days later than it otherwise would have, because of the Supreme Court's temporary order

extending the period to file certiorari petitions due to the pandemic. That step delayed the expiration of his limitations period from June 2021 until August 10, 2021, but Petitioner still did not submit his petition to this Court until eight months later. His petition is thus untimely and must be dismissed on that basis.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable whether this Court's procedural ruling in this case is correct. As a result, Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that this action be dismissed with prejudice as barred by the applicable statute of limitations and that a COA be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 13th day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE